Hillsborough, }
March 3, 1908. }

## VAISBORD v. NASHUA MANUFACTURING CO.

A master is responsible for a dangerous condition of his premises resulting from acts of his servants which he authorized or ratified.

A master who suffers his premises to remain in a condition which he knows to be dangerous is liable for injuries resulting therefrom to a servant who has not been notified of the danger and is justifiably ignorant of its existence.

That an injury to a servant resulted from the coöperating negligence of a fellow-servant and the master does not relieve the latter from liability.

CASE, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1907, of the superior court by *Stone*, J., on the defendants' exception to the denial of their motion for a nonsuit.

The plaintiff's evidence tended to prove the following facts: She was injured Monday forenoon, that being the first day of her employment by the defendants. On the previous Friday other employees of the defendants erected a staging over the machine on which the plaintiff was set at work. The staging was made of two-inch planks supported by wooden horses eight or ten feet high, the planks being laid on but not fastened to the horses, and the horses being set on but not fastened to the floor. One horse was placed in an alley between two lines of machinery, and

through this alley the materials used in the room were wheeled. The alley was so narrow that it was difficult to wheel a truck through it without hitting the horse; and in that event, the horse was likely to be moved about on the hard, smooth floor. The vibration caused by the machinery also moved the planks to such an extent that it was only a question of time when they would fall from the horses, if nothing were done to prevent it. The mill ran on Saturday, but the staging was not used until after the plaintiff was injured. She was unfamiliar with her work and surroundings. Two or three hours after she began work one of her fellow-servants wheeled a loaded truck through the alley. Just as he passed the horse a plank fell upon the plaintiff, causing the injury complained of.

*Walter E. Kittredge* and *Frederick J. Gaffney*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

YOUNG, J. The plaintiff complains of the defendants' failure to fasten the planks to the horses and the horses to the floor in such a manner that neither the vibration of the mill, nor the acts of her fellow-servants, nor both of these causes combined, would cause a plank to fall on her; and the defendants say it cannot be found (1) that they were responsible for this condition of their premises, or (2) that they were in fault for it, or (3) that their fault was the legal cause of the injury.

1. The test to determine whether it can be found that the defendants were responsible for the condition of their premises is to inquire whether they intended the staging to be erected in the way it was, or ratified their servants' acts in constructing it as they did. They cannot escape responsibility for a condition resulting from acts of their servants which were either authorized or ratified. *Stevens* v. *Company*, 73 N. H. 159, 169. The men who erected the staging testified that they set it up in the way it was intended to be built and as they were accustomed to do the work; consequently it can be found that it was constructed as the defendants intended it should be. If the staging was not built as the defendants intended, it still can be found that they ratified the acts of their servants in doing the work as it was done; for the staging was in position so long a time before the plaintiff's injury as to warrant a finding that the defendants knew the plan upon which it was erected and had an opportunity to change the structure if they desired to do so.

2. As it can be found that the defendants were responsible for

the condition of their premises, the next step is to consider whether they were in fault for it. The test to decide that question is to inquire: (1) Whether the plaintiff either appreciated or should have appreciated the risk she ran of having a plank fall upon her; if she was not in fault for not appreciating that risk, (2) whether the defendants were at fault in that respect; if they were, (3) whether the ordinary man would erect such a staging in that place; and if such a man would not, (4) whether the defendants used ordinary care to notify the plaintiff of the dangers incident to the condition of their premises. *Bennett* v. *Company*, *ante*, 400.

The defendants concede that it may be found from the evidence that they did and the plaintiff did not appreciate the risk, and that they failed to notify her of the dangers. The question whether they can be found to have been in fault therefore resolves itself into this: Would the ordinary man have erected such a staging in that place? The evidence relevant to this question tends to prove that the defendants should have anticipated that a portion of the staging would fall upon the plaintiff if she was permitted to work under it,—in other words, that they ought to have known they were setting a trap for her; for it can be found that they knew their servants were accustomed to wheel loaded trucks through an alley so narrow that the trucks were liable to come in forcible contact with the horse supporting the planks, and that when this happened the horse was likely to move upon the smooth, hard floor to some extent. They also knew the vibration of the room to be so great that the planks might slide upon the horses so that a very slight movement of a horse would cause a plank to fall, and that in such a case it was liable to fall upon the plaintiff. Knowing all this, they set the plaintiff at work under the staging without telling her of the danger, and without doing anything to protect her, or to enable her to protect herself, from an injury they must have known she might sustain unless they took steps to prevent it. It cannot be said as a matter of law that an ordinary man with this knowledge would erect such a staging, or that, having erected it, he would not do something the defendants did not do to enable the plaintiff to avoid injury. Since this is so, it can be found that the defendants were in fault for maintaining such a staging, and doing nothing either to protect the plaintiff, or to enable her to protect herself, from probable injury. *Quimby* v. *Railroad*, 69 N. H. 334.

3. The defendants say that if it is decided they were in fault in respect to the condition of their premises, it cannot be held that their fault was the legal cause of the plaintiff's injury. They do not contend that their fault cannot be found to have been the

cause of the plaintiff's injury if the fall of the plank was the result of the vibration of the mill; but they do say that it must be held to be just as probable, from all that appears in the case, that the negligence of the man who wheeled the truck occasioned the fall of the plank, as that it was caused by vibration of the mill. *Deschenes* v. *Railroad*, 69 N. H. 285, 291.

If it be conceded that it must be found that the man who wheeled the truck was negligent,—a question as to which no opinion is expressed,—and that the plank would not have fallen when it did but for his negligence, it does not follow that it cannot be found that the defendants' negligence concurred with his to produce the plaintiff's injury, or that it was the legal cause of her injury (*Matthews* v. *Clough*, 70 N. H. 600); for the legal cause of an injury is the last act, or one of the last acts, in the series of events which produced it,—it is one of the last acts but for which the injury would not have occurred. It can be found that the defendants ought to have anticipated that, if they failed to fasten the planks to the horses and the horses to the floor, either the vibration of the mill, or the acts of their servants, or both of these together, might cause a plank to fall upon the plaintiff. Since this is so, it can be found they were in fault for not taking steps either to notify her of the danger or to prevent the plank from falling. Consequently, it can be found that their failure to anticipate that one of their servants might strike the horse with a truck and cause the fall of a plank, and to do what the ordinary man would do in such a situation to enable the plaintiff to perform her work in safety, was either the cause or the occasion of her injury; and whether it was the cause or the occasion depends on whether she would have been injured if they had used ordinary care. The test to determine whether the defendants' negligence was the cause or the occasion of the plaintiff's injury is to inquire whether the negligence of the servant who wheeled the truck would have produced that injury, even if they had used ordinary care to prevent it. If it would, then their negligence was the occasion merely; but if his negligence would not have caused the injury if the defendants had exercised ordinary care in its prevention, then their negligence concurred with that of the servant to produce the result of which the plaintiff complains. The servant who wheeled the truck testified that, if he struck the horse, the shock was so slight he did not notice it. It is obvious that it can be found from this testimony that the plank would not have fallen, notwithstanding the truck struck the horse in passing, if the defendants had used ordinary care either to fasten the plank to the horse or the horse to the floor.

If it be conceded, therefore, that the plank would not have

fallen when it did but for the negligence of the plaintiff's fellow-servant, it can still be found that the defendants' negligence in failing to anticipate that the horse might be hit by a truck, and in omitting to do what the ordinary man would have done to prevent an accident, concurred with his negligence in point of causation—not of time—to cause the injury; in other words, that the defendants' negligence in this respect was one of the last acts in point of causation in the series of events which resulted in the plaintiff's injury, or one of the last acts but for which the accident would not have occurred. *Ela* v. *Cable Co.*, 71 N. H. 1; *Sirois* v. *Henry*, 73 N. H. 148; *Hamel* v. *Company*, 73 N. H. 386.

*Exception overruled.*

All concurred.