Hillsborough, }
April 7, 1908. }

## LEAZOTTE v. JACKSON MANUFACTURING CO.

A master who knows or ought to know that his premises are unsafe, and
negligently fails to guard against the danger, is liable to a servant who is
injured thereby, without reference to the manner in which the danger was
created.

CASE, for personal injuries alleged to have been caused by the
negligence of the defendants, by whom the plaintiff was employed.
Trial by jury and verdict for the plaintiff. The defendants'
motions for a nonsuit and the direction of a verdict in their favor,
on the ground that there was no evidence to support a finding of
their negligence, were denied subject to exception. Transferred
from the September term, 1907, of the superior court by *Peaslee,* J.

The evidence tended to prove the following facts : In the defendants' weave room was a shaft supported by a hanger. The hanger was provided with an oil-cup, and also with a device for attaching a drip-cup by means of which the dropping of oil upon the floor might be prevented; but no drip-cup was attached to the hanger, and when too much oil was poured into the oil-cup any surplus dropped upon the floor. When the machinery was not in motion the oil settled in the cup, and any surplus ran out at the end of the shaft. During Saturday forenoon prior to the plaintiff's injury, the oil-cup was filled by an employee who used an oil-can attached to the end of a stick. The machinery was idle from Saturday noon until Monday morning. About eleven o'clock Monday forenoon the plaintiff slipped upon an accumulation of oil on the floor, fell, and received the injuries complained of. Previously a small amount of oil had been seen to fall a drop at a time from the shaft, until it covered a space upon the floor about half an inch in diameter.

*Doyle & Lucier*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

Parsons, C. J. Whether the absence of the drip-cup is of itself evidence of negligence in the defendants, and whether upon the evidence they are responsible for the method adopted by the oiler in performing his work, are immaterial questions. The immediate cause of the injury was the oil upon the floor. The jury might reasonably find, in the absence of any other explanation, that it fell from the bearing in the hanger immediately overhead, during the time when the machinery was not in motion; and from the evidence that surplus oil might drip when the machinery stopped, they might also find that men of ordinary care, after the machinery had been stopped some forty hours or more, would examine the condition of the floor, and that such examination would have disclosed the presence of oil before the time of the injury.

While the master who has provided a safe place is not liable upon the ground of that obligation merely because the work-place has become unsafe through the negligence of servants doing the work in the place (*McLaine* v. *Company*, 71 N. H. 294, 296), lack of care to guard against a danger which renders the work-place unsafe, of which the master knows or ought to have known in season to prevent the injury, is a breach of that obligation, without reference to the manner in which the danger was created.

*Vaisbord* v. *Company, ante,* 470; *Klineintie* v. *Company, ante,* 276; *Smith* v. *Railroad* 73 N. H. 325.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.