Belknap, }
Nov. 1, 1910. }

### CALDON v. MEREDITH SHOOK & LUMBER CO.

Evidence that a mill-owner knowingly maintained an unnecessary appliance in close proximity to a passageway frequently used by his servants, thereby creating an abnormal hazard, warrants a finding of negligence on his part.

The fact that injury to a servant resulted from the co-operating negligence of a fellow-servant and the master does not relieve the latter from liability.

A servant who is not chargeable with knowledge and appreciation of a peculiar danger does not assume the risk of injury therefrom.

CASE, for personal injuries suffered by the plaintiff while in the employ of the defendants. Trial by jury and verdict for the plaintiff. The defendants' motions for a nonsuit and the direction of a verdict in their favor were denied, and they excepted. Transferred from the March term, 1910, of the superior court by *Chamberlin*, J.

*Alvin F. Wentworth* and *Martin & Howe*, for the plaintiff.

*Owen & Veazey, Stephen S. Jewett*, and *Charles B. Hibbard*, for the defendants.

WALKER, J. The plaintiff's evidence tended to prove the following facts: At the time of his injuries the plaintiff was employed in the defendant's mill as an engineer and had been so employed for many years; and while rightfully passing through a passageway by an edging machine in operation, an edging was thrown from the saw, the sharp end of which struck him upon one of his legs and caused a wound which rendered amputation necessary. Some two weeks before, a post or joist had been set up on the bench of the sawing machine about two feet in the rear of the

saw and within four inches of the line of the saw. The purpose of the post was to support a plank a few feet overhead. The operator of the saw testified that he had sawed off an edging some eight or nine feet long, that in order to throw it onto the pile of edgings it was necessary to draw it back past the post, and that while doing this work the end of the edging got onto the back part of the saw and was thrown against the plaintiff. If the post had not been there, the edging could have been easily pushed off the bench and away from the saw. It frequently happened that edgings were thrown off by the saw, and this liability was increased by the post. The plaintiff was unacquainted with splitting machines and did not know that sticks were liable to get onto the saw in such a way as to be thrown into the mill, nor had he been warned that it was dangerous on this account to use the passageway.

It is apparent that the post made it more difficult for the operator of the machine to throw aside the edgings after they had been sawed from the board, and that it increased the danger of edgings getting onto the saw; for it made it necessary for the operator to pull them back between the post and the saw before he could throw them aside. Having hold of one end of the narrow, bending edging, he might not always be able, in the performance of his work, to prevent the other end from striking the saw; and in that case it was liable to break, and the disconnected part would then be liable to be thrown off by the saw. The post was no part of the machine, and moreover it was an unnecessary appliance, since the plank above, as appears from the evidence, could easily have been held in place in some other way. But it had been there for two weeks as a part of the structure of the mill; and the defendant was chargeable with knowledge of its existence (*Disalets* v. *Company*, 74 N. H. 440, 444) and of the special hazard it produced. It follows that the jury were warranted in finding that the defendant was in fault in having such an appliance in close proximity to the passageway, which was in frequent use by its employees. Even if the jury believed that the operator was careless, the defendant might still be liable for its want of ordinary care in maintaining an appliance which unnecessarily increased the danger of sticks coming in contact with the saw. *Vaisbord* v. *Company*, 74 N. H. 470. But it does not conclusively appear that the fellow-servant was negligent. It was competent for the jury to find otherwise.

The defendant's contention that the accident did not happen in the way suggested by the operator, because, if it did, the stick would have been thrown upward and not in a lateral direction against the plaintiff, is not conclusive. While one might expect that a stick coming in contact with the back of a revolving splitting saw would probably be thrown upward, it is evident it might

be thrown in some other direction. This would depend upon the combination of forces that were effective at the time. The length of the edging, the way it was held by the operator when it touched the saw, the way the end broke off and the part of the saw it came in contact with, and perhaps many other attending facts, would each have some influence upon the direction the stick would take. And these facts were all competent for the consideration of the jury upon that question.

Nor can it be said upon the evidence that the plaintiff assumed the risk of the injury he suffered. If the jury believed his testimony, as they had a right to do, their finding that he was not chargeable with a due appreciation of the peculiar risk incident to walking by the machine, enhanced by the existence of the post, cannot be disturbed. It cannot be said that an ordinary man of his experience would have known, under the circumstances, that he was liable to be hit by a stick thrown off by the saw. At most, the question is one upon which reasonable men might not agree, and it was therefore properly submitted to the jury. Especially is this so in the absence of any evidence that the plaintiff had been warned of the danger. *Hamel* v. *Company,* 73 N. H. 386 : *Bennett* v. *Company,* 74 N. H. 400.

As the plaintiff was rightfully occupying the passageway at the time he was injured, there is no evidence that he was guilty of any negligence or want of care which contributed to his injury; and the defendant's motions for a nonsuit and for a verdict were properly denied.

*Exceptions overruled.*

All concurred.