Hillsborough, }
April 6, 1920. }

### MARY ROWAN v. AMOSKEAG MANUFACTURING CO.

A landlord, though liable to his tenant for the consequences of negligent alterations or repairs made after the tenancy has begun, is not liable for injuries caused by the tenant's use of property for a purpose wholly different from that for which it was intended and installed.

A verdict cannot be rendered for the plaintiff in an action for negligence when the question whether the injury was caused by the fault of the plaintiff or of the defendant is, on the evidence, wholly a matter of conjecture.

ACTION, of negligence for personal injuries.

At the close of the plaintiff's evidence a nonsuit was ordered, and the plaintiff excepted. The evidence relating to the exception appears in the opinion. Transferred from the May term, 1919, of the superior court, by *Allen*, J.

*Doyle & Lucier*, for the plaintiff.

*Louis A. Thorp* and *Warren, Howe & Wilson*, for the defendants.

Plummer, J.  The plaintiff was a tenant of the defendants, and had occupied the tenement some nine years when the defendants installed a bath-tub in it.  This bath-tub, which was about four feet long and two feet wide, was set in a corner of the room, close up to the west and north walls and within an inch therefrom.  In the west wall of the room, and directly over the tub was a large window. The evidence tended to prove that after the installation of the tub the defendants made and put in the tenement a wooden cover fifty-one inches long and twenty-seven inches wide, designed and intended to serve as a cover for the tub; that the cover was made of pine boards held in place by three cleats which were fastened to the boards with screws; that the cleats were fastened across the boards and were so long that they rested upon the sides of the tub, and did not fit inside the upper rim of the tub; that the plaintiff about a month after the cover was installed stood upon it to wash the window over the tub; that when she had finished this task, she went to the north wall, and attempted to get down onto the floor by stepping down from the cover, with the intention of sitting on the edge of it; that in so doing, the cover which projected beyond the edge of the tub tipped, letting the plaintiff fall to the floor and injuring her.

Although in the absence of any warranty, deceit or fraud on the part of the defendants, they would not be liable for injuries caused by any defects in their premises (*Towne* v. *Thompson*, 68 N. H. 317; *Clark* v. *Sharpe*, 76 N. H. 446), still, if the defendants made repairs after the plaintiff's tenancy began, and were negligent in so doing, they would be responsible for any injuries suffered by the plaintiff by reason of such negligence, unless the injuries were occasioned by her fault.  16 R. C. L. 1045, and cases there cited.  The defendants are not liable in this action unless they were negligent in the construction or installation of the bath-tub cover, and the accident was caused thereby.  The cover was designed and intended only to serve as a cover for the bath-tub.  There is no evidence that it was improper or unsuitable for its intended use, or that it was defective in its construction, or improperly installed.  The plaintiff did not notify the defendants of her intention to use the cover to stand on, its use for that purpose was unauthorized, and there is no evidence that the defendants had ever known of such use by anybody.  Neither can

it be said that they should have anticipated that the plaintiff would so use it. The defendants were, therefore, under no obligation to provide a cover suitable and safe for the plaintiff to stand upon. *Morrison* v. *Company*, 70 N. H. 406, 408; *Straw* v. *Company*, 76 N. H. 35.

Even if it could be found that the defendants were negligent in the construction or installation of the cover and were liable for such negligence, it could not be found that the injury was occasioned thereby. The accident was caused by the tipping of the cover. The edge of the cover projected so far over the side of the tub that when the plaintiff attempted to sit upon it, it tipped and threw her to the floor. Nobody but the plaintiff, so far as disclosed, had to do with the cover after it was installed, and there was no evidence tending to show whether the plaintiff had placed the cover too far over the edge of the tub, or it had slipped there. Under such circumstances a verdict could not be returned for the plaintiff because it would be a mere conjecture whether the injury was caused by inevitable accident or by the fault of the plaintiff or of the defendants. *Deschenes* v. *Railroad*, 69 N. H. 285; *Dame* v. *Company*, 71 N. H. 407, 408; *Reynolds* v. *Company*, 73 N. H. 126, 131; *City Bowling Alleys* v. *Berlin*, 78 N. H. 169.

*Exception overruled.*

PEASLEE, J., was absent: the others concurred.