Hillsborough,
Feb. 5, 1924.

### DESSIRRIE NOLETTE *v.* MANCHESTER RENDERING COMPANY.

The duty of an employer to warn his employees as to the danger of his premises extends not only to such parts thereof as he has prepared for their use but also to those which he either knows or should know they are accustomed to use in doing his work.

On certain evidence as to the use of an elevator shaft as a passageway by employees, the questions whether the defendant should have warned the plaintiff and whether he assumed the risk, were properly submitted to the jury.

CASE, for negligence. Trial by jury, resulting in a disagreement. The plaintiff had worked for the defendants about six weeks when the accident happened. There was a loading platform on one side of the building in which he worked with two doors opening from it into the building. One was for use of the employees; the other opened into the elevator.

The plaintiff's evidence tended to prove that when the former mentioned door was closed, as it was on the day of the accident, the employees were accustomed to enter through the elevator door. When the elevator was at that floor they walked over it; but when it was at one of the lower floors they would step onto one of the timbers on the side of the elevator well and take hold of another timber about five feet above it and walk into the building in that way; and that was what the plaintiff was doing when the accident happened. Someone started the elevator just as he started and the counter-weight caught his hand and he sustained the injury complained of.

Transferred by *Kivel,* C. J., on the defendants' exception to the denial of their motion for a directed verdict.

*Doyle & Doyle* and *Timothy F. O'Connor,* (*Mr. Paul J. Doyle* orally) for the plaintiff.

*George I. Haselton* and *Samuel J. Dearborn* (*Mr. Haselton* orally), for the defendants.

YOUNG, J. The defendants base their contention that the court erred when it denied their motion for a directed verdict on the proposition that it conclusively appears that the place where the accident happened was neither one they had prepared for the plaintiff's use nor one they knew he was accustomed to use in doing their work.

It is probably true that the defendant did not put the timbers on the side of the elevator well to enable their employees to enter the building from the loading platform, but it does not follow that they are necessarily free from fault, for the plaintiff's evidence tends to prove that they knew it was the custom for their employees to enter the building in that way when the other door was closed, as it was ' on the day of the accident.

If that was the fact, it was for the jury to say whether the defendants did what the ordinary man would have done to notify the plaintiff of the danger of which he complains, for the duty the law imposes on an employer in respect to his premises extends not only to such parts as he has prepared for their use (*Straw* v. *Company*, 76 N. H. 35) but also to such parts as he either knows, or would have known if he had used ordinary care for their safety, they are accustomed to use in doing his work. *Morrison* v. *Company*, 70 N. H. 406. Since it cannot be said as a matter of law that the plaintiff either knew or ought to have known of this danger or that it is an obvious one, the order must be

*Exceptions overruled.*

All concurred.