Hillsborough, {
Dec. 3, 1929. }

ARTHUR J. BURELLE *v.* JIM PIENKOFSKI.

*Thomas J. Leonard* and *Albert Terrien* (*Mr. Terrien* orally), for the plaintiff.

*Ivory C. Eaton* (by brief and orally), for the defendant.

SNOW, J. The rule that a tenant takes the premises as he finds them and that, in the absence of warranty or deceit, neither the tenant nor his invitees may recover against the landlord for injuries

sustained by reason of defects therein (*Towne* v. *Thompson*, 68 N. H. 317, 319; *Clark* v. *Sharpe*, 76 N. H. 446; *Marston* v. *Andler*, 80 N. H. 564) does not apply to those portions of the premises which the landlord furnishes for the common use of his tenants and over which he retains control. *Gobrecht* v. *Beckwith*, 82 N. H. 415, 417; *Saad* v. *Papageorge*, 82 N. H. 294, 296. In such cases he has the duty to use ordinary care to keep such portions in safe condition, and is liable to the tenant for injuries resulting from his failure to do so. *Id.* He owes a like obligation to the invitee of a tenant rightfully using the premises. *Gleason* v. *Boehm*, 58 N. J. L. 475; 1 Tiffany, Landlord & Tenant, *s.* 89; 25 A. L. R. 1287 *et sec.*; 39 A. L. R. 298. The landlord's duty under the exception to the rule is not limited to interior passageways but, on principle, extends to approaches thereto which he has provided upon his land for like common use of tenants and of which he retains control. *Saad* v. *Papageorge*, *supra*; 2 Underhill, Landlord & Tenant, *s.* 485; 25 A. L. R. 1285, 1317 *et sec.*

The defendant owns a three tenement block on the easterly side of Grove street in Nashua, the sole approach to which available to tenants thereof is a yard or passageway leading off said street and along the northerly side of the block to the several tenements therein. This passageway is reached from the street by a flight of three stone steps. The steps are strips of split stone, each consisting of two pieces, laid end to end, and all set in the ground or upon small rocks, to hold them in place. The plaintiff's evidence tended to show that the northerly stone in the top step was loose and had been for a year; that two or three weeks before the accident the defendant's attention had been called thereto, and to the possibility of an accident, and that he then replied that he was "going to fix everything"; that the plaintiff was ignorant of the defect. At the trial the defendant, while denying knowledge that the step was loose, admitted that he retained control of the passageway and that it was his duty to keep the steps in repair. The question of the tenant's right in the case of a known defect existing at the time of letting does not here arise.

The plaintiff called on one of the defendant's tenants to deliver a message to her at her request. He entered Grove street from the south, and parked his car, headed north, on the east side of the street opposite the entrance to the passageway. It was eight o'clock in the evening of a September day and very dark. While there was a street light in the vicinity, designed to light Grove street, the steps were in the shadow therefrom of an automobile parked close to the

building on the west side of the street just south of the passageway. The plaintiff was unfamiliar with the premises and had to feel his way along the side of the building to the door of the tenement where he delivered the message. Returning to his car, he could see better and passed along the northerly side of the passageway and down the northerly tier of steps. When he stepped on the top stone it "went down" and "threw" him, causing the injury. Such was the plaintiff's account of the accident.

On this evidence the question of the defendant's negligence was plainly for the jury.

In view of the statute imposing upon the defendant the burden of proving contributory negligence in all actions for personal injury caused by negligence, no evidence of a plaintiff's care is necessary as a part of his case. P. L., c. 328, s. 13. Where the plaintiff's conduct is disclosed by the evidence a verdict can be directed for the defendant only when it conclusively appears that the plaintiff was at fault. "If his conduct admits of any reasonable and non-culpable explanation, the question of his due care is for the jury." *Jones* v. *Railroad*, 83 N. H. 73, 78; *Hussey* v. *Railroad*, 82 N. H. 236, 240.

The only evidence of the plaintiff's contributory negligence here relied on was that he failed to park his car so as to light the steps and ventured to enter and leave the premises in the darkness. Obviously this evidence was insufficient to conclusively establish the plaintiff's want of care.

The exception to the order directing a verdict for the defendant is sustained.

*New trial.*

All concurred.