Rockingham, }
Feb. 7, 1933. }

## Arthur W. Rowe *v.* Ayer & Williams, Inc. *& a.*

*William H. Sleeper* and *John W. Perkins* (*Mr. Perkins* orally), for the plaintiff.

*Upton & Donovan*, for Ayer & Williams, Inc., filed no brief.

*Hughes & Burns* (*Mr. Burns* orally), for F. M. Hoyt Shoe Company.

BRANCH, J. The fire escape here in question was appurtenant to the portion of the factory building leased by the defendant to Ayer & Williams, Inc. and obviously necessary to the safe occupancy thereof. Therefore, although the defendant retained control of it, the lessees and their employees were entitled to make use of it at reasonable times and for purposes within the contemplation of the parties. The legal principle here involved has been concisely stated as follows:

"(1) A lessee of premises is entitled to be at reasonable times and in a reasonable manner on those portions of the premises retained in the possession of the lessor which are maintained or held open by him for the common use of his tenants or for the particular use of the lessee.

"(2) Persons entering the premises in the right of the tenant have the same privileges as stated in subsection (1)." Am. Law Inst. Restatement of Torts, Tent. Draft No. 9, s. 1034.

This principle is implicit in many cases which have touched upon this phase of the law of landlord and tenant. *Thompson* v. *Resnik*, 85 N. H. 413; *Pickford* v. *Abramson*, 84 N. H. 446; *Burelle* v. *Pienkofski*, 84 N. H. 200; *Gobrecht* v. *Beckwith*, 82 N. H. 415; *Saad* v. *Pappageorge*, 82 N. H. 294.

With reference to those portions of his property which he provides for the use of his tenants but retains within his own possession and control, it is the duty of a landlord "to use ordinary care to keep such portions in safe condition" and he is liable to any person legally en-

titled to be upon them in the right of the tenant for injuries resulting from his failure to do so. *Burelle* v. *Pienkofski, supra,* and cases cited. Such is the prevailing rule in this country. Am. Law Inst. Restatement of Torts, Tent. Draft No. 4, *s.* 230; 16 R. C. L. Tit: L. & T., *s.* 557.

The following statement of this court in the case of *Colby* v. *Treisman,* 85 N. H. 19, is applicable with slight variation to the present situation: "The defendant in the present case, having invited the plaintiff to enter its building for business purposes, was required to keep in reasonably safe condition such portion of the premises as it ought reasonably to have foreseen he would be likely to occupy in performing his work. *True* v. *Company,* 72 N. H. 154; *Stevens* v. *Company,* 73 N. H. 159; *Hobbs* v. *Company,* 75 N. H. 73, 81; *Nolette* v. *Company,* 81 N. H. 222; *Derosier* v. *Company,* 81 N. H. 451, 466, 467."

The defendant does not seriously question the soundness of these principles but asserts that they are not decisive of the case because "The plaintiff was making an unauthorized use of the defendant's property in the place where he was injured, and therefore was a trespasser." The answer to this argument is that the evidence presented by the plaintiff, plus his offer of proof which was erroneously excluded and which is hereinafter considered, would amply justify a finding that the use of the fire escape as a common avenue of entrance to and exit from the factory by the employees of the lessee was known to and permitted without objection by the defendant. The evidence disclosed that the fire escape had been used in this way habitually by a large number of men, for a considerable period of time, with no effort at concealment. During all this time the defendant occupied and used the basement of the same building and an adjoining factory building from which the course usually taken by the plaintiff and his fellow-workmen was plainly visible, although the fire escape itself was not. There was also evidence that the defendant's general manager customarily parked his car in a place from which the fire escape was easily visible and was observed there at times when, if he had looked, he might have seen "in plain sight a whole procession coming out of there and getting into their cars." This testimony was sufficient to charge the defendant with knowledge of the use made of the fire escape. Its effect would have been greatly enhanced if the evidence offered by the plaintiff and hereinafter discussed had been admitted.

The argument of the defendant that the knowledge of its general manager would not in and of itself, "charge the defendant with knowledge of that fact" is based upon an obvious misconception of

the principle which was applied in *Castonguay* v. *Company*, 83 N. H. 1 and many kindred cases. Although a general manager's knowledge that he has done acts in excess of his authority does not charge his employer with knowledge of such facts, as held in the *Castonguay* case, "the general rule is that notice of facts to an agent is constructive notice thereof to the principal himself, where it arises from, or is at the time connected with, the subject-matter of his agency." *Clark* v. *Marshall*, 62 N. H. 498; *Brookhouse* v. *Company*, 73 N. H. 368, 374. This case clearly comes within the general rule.

The evidence would also support a finding that the fire escape was structurally defective in that no provision was made to keep in place the grating which formed the floor of the landing through which the plaintiff fell. We, therefore, conclude that the granting of a motion for a nonsuit was error.

The plaintiff produced evidence that before the building in question was leased to Ayer & Williams, Inc., it was occupied as a shoe factory by the defendant. He then offered to show by the testimony of witnesses who worked for the defendant at that time that "it was the habit or custom of the employees to use the fire escape from which the plaintiff fell as a means of exit and entrance to the factory . . . in the same manner as it was used at the time of the accident, . . . the object being to show that they knew or should have known that men might use it." This evidence was excluded and the plaintiff excepted.

The offered evidence should have been received. It had an obvious tendency to prove the defendant's knowledge of the convenience and suitability of the fire escape for purposes of entrance and exit and the resulting probability that it would be used for that purpose. *Duteny* v. *Company*, 84 N. H. 65, 69. It further justified the inference that since the use of the fire escape was permitted by the defendant to its own employees, a similar use by the servants of its lessee was not forbidden. The record does not indicate the ground upon which the ruling of the court was based, and the attempts of counsel to justify it in argument appeared to be merely vehement denials of the validity of the axiom that "all facts having rational probative value are admissible, unless some specific rule forbids." 1 Wig. Ev., s. 10.

The plaintiff repeatedly sought to introduce evidence of the repairs made to the fire escape by the defendant after the accident upon the theory that it established the defendant's control thereof. At the time this evidence was offered, the treasurer of the lessee corporation had testified that the defendant retained control of the fire escape

and his testimony was uncontradicted. The court finally ruled that until this statement was disputed the evidence would be excluded because it would be "more prejudicial than helpful." A desire to establish the fact of control does not adequately account for the vigorous and persistent efforts of plaintiff's counsel to get this evidence before the jury. So far as it tended to prove an admission of negligence on the part of the defendant it was clearly inadmissible (*Aldrich* v. *Railroad*, 67 N. H. 250), and we find no error in the ruling of the court.

The defendant contended that in order to enter the factory from the parking place, employees of Ayer & Williams, Inc., should have made use of a loading platform beside a spur railroad track which ran in front of the west end of the leased building and another factory of the defendant. The plaintiff sought to introduce evidence as to the condition of this platform with the purpose, as it is understood, of showing that it was frequently blocked with freight. This evidence was excluded and the plaintiff excepted. We are unable to perceive the ground upon which the ruling of the court was based. If evidence was admissible in support of defendant's claim that a suitable way of entrance had been provided, evidence to contradict that claim should have been equally admissible. The offered evidence also had a legitimate tendency to corroborate other items of proof that the defendant had reason to know of the use made of the fire escape. This exception is, therefore, sustained.

The plaintiff also offered evidence as to the reason for the use of the fire escape by the employees of Ayer & Williams, Inc., which was excluded subject to exception. This testimony apparently had reference to the point last considered, and for similar reasons, should have been admitted. This exception is accordingly sustained.

*New trial.*

All concurred.