Belknap,
June 20, 1940. } No. 3172.

MARIE J. JACQUES *v.* MAURICE A. COTÉ.

*Normandin & Normandin* (*Mr. Fortunat A. Normandin* orally), for the plaintiff.

*Jewett & Jewett* (*Mr. Theo S. Jewett* orally), for the defendant.

*Per Curiam.* The issues of the plaintiff's assumption of risk and her due care at the time of the accident could not, upon the evidence, be decided adversely to her as a matter of law.

The argument of the defendant that the accident resulted solely from the negligence of a fellow-servant is without merit. There was abundant evidence to sustain a finding that the defendant was chargeable with knowledge that the use of the grinder in question for the purpose of grinding a juicy fruit was likely to result in an accumulation of liquid upon the floor unless suitable precautions were taken and that some provision for guarding against this danger should have been made. No such provision had been made by the defendant. Under these circumstances, even if it be assumed that the servant who operated the grinder was negligent in failing to place a container in position to catch the juice as he had done of his own volition upon other occasions, this case is nevertheless governed by the rule laid down in *Leazotte* v. *Company*, 74 N. H. 480, and *Vaisbord* v. *Company*, 74 N. H. 470, that lack of care to guard against a danger which renders the work-place unsafe, of which the master knows or ought to have known in season to prevent the injury, is a breach of his duty toward his servants "without reference to the manner in which the danger was created." The plaintiff's case should have been submitted to the jury.

*New trial.*

All concurred.