# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0556, <u>Wallace Farm, LLC v. Mark Sacco</u>, the court on July 13, 2021, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Mark Sacco (tenant), appeals a decision of the Circuit Court (<u>Steckowych</u>, J.) granting possession to the plaintiff, Wallace Farm, LLC (landlord), of residential property for good cause based upon the tenant's failure, following written notice, to remove a satellite dish installed in violation of the parties' lease. <u>See</u> RSA 540:2, II(e), III (Supp. 2020). On appeal, the tenant argues that the trial court erred by not dismissing the case based upon the federal "Over-the-Air Reception Devices" (OTARD) rule, <u>see</u> 47 C.F.R. § 1.4000(a) (2019). We affirm.

The OTARD rule provides, in relevant part:

> Any restriction, including but not limited to . . . any private covenant, contract provision, [or] lease provision, . . . on property within the exclusive use or control of the antenna user where the user has a direct or indirect ownership or leasehold interest in the property that impairs the installation, maintenance, or use of:
> (i) An antenna that is:
> (A) Used to receive direct broadcast satellite service, including direct-to-home satellite service, or to receive or transmit fixed wireless signals via satellite, and
> (B) One meter or less in diameter . . .
> . . . is prohibited to the extent it so impairs . . . .

47 C.F.R. § 1.4000(a)(1).

Evidence in the record, including photographs introduced at trial, establishes that the tenant leases a residential apartment in a large, multi-unit apartment building containing apartments on three stories with balconies on the upper-story units and patios on the first-story units. The landscaping on the side of the building where the tenant's first floor apartment is located includes a large grass lawn with some shrubbery immediately adjacent to the building. Several feet from the side of the tenant's apartment, on the grass lawn, is a satellite television dish affixed to a pole that is several feet in height and secured to the ground. Cable runs from the satellite dish and enters the apartment building through holes drilled into its exterior wall.

The lease defines the premises as "[a] 2 bedroom apartment located at: 9 BRIDLE PATH #104 Londonderry, NH 03053." It obligates the landlord to "maintain the apartment building, the common grounds, the apartment and [its] equipment . . . in good condition in compliance with . . . all applicable laws, rules and regulations of the State, its agencies and any applicable municipal codes." It obligates the tenant not to "embellish and/or change, nor make any additions or alterations to the apartment," or to "install . . . antennas or other like . . . equipment" without the landlord's written permission. It also requires the tenant to keep "[s]idewalks, passages, public halls, stairwells, fire escapes, etc." free from obstructions, and prohibits their use "for any purpose other than ingress and egress to the premises." The lease prohibits the tenant from using "[b]alconies and patios . . . as storage areas," and requires the tenant to keep "[c]ommon areas including stairwells, landings, balconies and grounds . . . free of any personal belongings." The lease specifically provides that "[s]atellite [d]ishes are NOT permitted."

On April 29, 2020, the landlord provided written notice to the tenant advising that on the previous day, the landlord had observed a satellite dish installed "on the ground outside [of his] apartment," that the satellite dish violated the lease, and that he was required to remove and dispose of it and repair all exterior or interior drilled holes no later than May 8, 2020. If the tenant failed to comply, the landlord warned that it would commence an eviction. The tenant did not comply with the notice.

On May 8, 2020, the landlord wrote a second letter to the tenant demanding that he "immediately" remove the satellite dish, and warning that if he failed to do so, it would commence legal proceedings. The tenant failed to respond to the May 8 letter, or otherwise to comply with its demand.

On June 23, 2020, the landlord wrote a third letter to the tenant advising that he had failed to remove the satellite dish and restore the building to its original condition, that maintaining the satellite dish violates the lease, and that if he failed to remove the satellite dish and restore the building immediately, the landlord would commence legal proceedings. The tenant again failed to respond, and on August 5, 2020, the landlord served an eviction notice requiring that he vacate the property by September 10.

At the hearing on the eviction, the tenant did not contest that he had installed the satellite dish, or that doing so violated the lease. Instead, for the first time, he took the position that the OTARD rule "allows a tenant to place satellite dishes of certain sizes on apartments," and that the OTARD rule supersedes the inconsistent lease provision. He further claimed that he had "received oral permission from [the landlord] . . . to install the dish on the ground next to his apartment." In awarding possession to the landlord, the trial court found that the tenant materially breached the lease, and that he failed to cure the breach despite being provided notice and an opportunity to cure it. The trial court further found the tenant's claim that he received oral

2

permission to install the satellite dish not to be credible. The trial court did not expressly address the tenant's argument under the OTARD rule.

On appeal, the tenant argues that the satellite dish met the criteria for protection under the OTARD rule. Accordingly, he contends that the trial court erred by not dismissing the case. The landlord counters that, because the tenant did not prove that he had exclusive use or control over the lawn adjacent to the apartment building, or to the building's exterior wall, he was not protected by the OTARD rule. We agree with the landlord.

By its express language, the OTARD rule prohibits a lease restriction only "to the extent it . . . impairs" the "installation, maintenance, or use of" a qualifying satellite dish "on property within the <u>exclusive use or control</u> of the" tenant. 47 C.F.R. § 1.4000(a)(1) (emphasis added). The rule does not apply to the extent that the restriction impairs the installation, maintenance, or use of a satellite dish on property that is not within the tenant's exclusive use or control, such as on property within the "common area" of leased property. <u>See Building Owners and Managers Ass'n Int. v. F.C.C.</u>, 254 F.3d 89, 93 & n.4 (D.C. Cir. 2001) (observing that OTARD rule allows tenants to install certain satellite dishes wherever the tenants rent space outside a building, but not "on common property such as outside walls" or "restricted access areas such as rooftops"); <u>Watson v. Village at Northshore I Ass'n</u>, 184 A.3d 1133, 1152-53 (Vt. 2018) (ruling that condominium association was allowed to enforce ban on satellite dishes because the property to which a condominium unit owner sought to install a satellite dish constituted "common area" to which the owner did not have exclusive use and control); <u>see</u> <u>also</u> <u>Burelle v. Pienkofski</u>, 84 N.H. 200, 201 (1929) (holding that a landlord is liable for injuries caused by defects in "those portions of the premises which the landlord furnishes for the common use of his tenants and over which he retains control"). The threshold question regarding the enforceability of the lease restriction in this case, therefore, is whether the property on which the tenant installed his satellite dish is property that is within his exclusive use or control under the terms of his lease. <u>See</u> <u>Watson</u>, 184 A.3d at 1152.

The tenant claims in his brief that he installed the satellite dish "in a part of his leasehold where he has exclusive control." However, he cites no provision of the lease or any other evidence to support this claim. Nor did he assert in his offer of proof at trial that he installed the satellite dish in a portion of the leasehold under his exclusive control, and the record contains no evidence otherwise supporting that assertion. In his reply brief, the tenant's only response to the landlord's argument that he did not have exclusive use or control over the lawn or the building's exterior wall is to argue that the landlord waived that argument by not raising it at trial.

As noted above, the evidence demonstrates that the tenant installed the satellite dish on the grass lawn adjacent to his apartment, and ran cable from the satellite dish to the apartment through holes drilled into the building's

exterior wall.  Although the lease grants the tenant the right to exclude others from the "premises," defined as the "2 bedroom apartment located at: 9 BRIDLE PATH #104 Londonderry, NH 03053," it prohibits him from obstructing the "common area," including the "grounds," with "personal belongings," and obligates the landlord to maintain the "common grounds."

We determine the parties' intent under the lease from the plain meaning of the language used within it.  DiMinico v. Centennial Estates Coop., 173 N.H. 150, 154 (2020).  The plain meaning of the term "grounds" includes "the gardens, lawn, and planted areas immediately surrounding and belonging to a house or other building."  Webster's Third New International Dictionary 1002 (unabridged ed. 2002).  Thus, the lawn adjacent to the building falls within the meaning of "grounds" or "common grounds," or the "common area," to which the lease expressly assigned maintenance responsibility to the landlord.  The "apartment building," which necessarily includes its exterior wall, is likewise expressly within the scope of the landlord's maintenance responsibility.  Because the lawn and the exterior wall are not areas within the tenant's exclusive use or control under the lease, the OTARD rule does not apply to the tenant's satellite dish installation.  See Watson, 184 A.3d at 1152-53.

We reject the tenant's argument that the landlord waived the right to argue that he lacked exclusive use or control over the property on which he installed the satellite dish because the landlord did not raise this argument at trial.  The burden to demonstrate that an argument was preserved generally falls upon the appealing party, here the tenant.  See, e.g., Thompson v. D'Errico, 163 N.H. 20, 22 (2011).  Moreover, it is the appealing party's burden to establish reversible error, and to present developed legal argument on appeal.  Gallo v. Traina, 166 N.H. 737, 740 (2014); State v. Blackmer, 149 N.H. 47, 49 (2003).  We assume the trial court made all findings necessary to support its decision, Smith v. Lillian V. Donahue Trust, 157 N.H. 508, 508 (2008), and we will affirm the trial court, regardless of the reasons it relied upon to reach its decision, if the record demonstrates that it reached the correct result, In re Estate of McCarty, 166 N.H. 548, 552 (2014).  Here, even if the landlord had filed no brief, we would affirm because the tenant has not established that the area on which he installed the satellite dish is "property within [his] exclusive use or control" under the lease.  See Gallo, 166 N.H. at 740; Blackmer, 149 N.H. at 49.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4