## McGOLDRICK v KUEBLER

Ohio Appeals, 6th Dist, Lucas Co
No 2319.  Decided March 24, 1930

H. Joe Cannon, Toledo, and Carl A. Brandes, Toledo, for McGoldrick.

Tyler, McMahon, Smith & Wilson, Toledo, for Kuebler.

**RICHARDS, J.**

It is insisted that the cause of action was barred by **11224-1 GC**, as amended, which became effective August 2, 1927. This contention can not be sustained in view of a decision of the Supreme Court in the case of **Smith vs. New York Cen-**

tral R. R. Co., the syllabus of which is in Ohio Bar of March 11, 1930. (8 Abs. 192; 170 NE 637; 122 Oh St 45.)

It is further urged that the amended petition does not state a cause of action. The averments show that the plaintiff became a guest of Edward Ketchell in the apartment occupied by him on the second floor of a two-story apartment building which was owned by the defendant, Herman C. Kuebler, and that access to and from the apartment was had by means of a hall and stairway. The pleading avers that there was no handrail provided and maintained for the stairway and no light of any kind and that by reason of the failure and neglect of the defendant to provide and maintain for the stairway a substantial handrail, and by reason of his failure to provide and maintain artificial light so located as to amply light the stairway, the plaintiff was injured in leaving the apartment by the stairway about nine o'clock at night, and that he missed a step on the stairway and fell to the bottom, sustaining serious injury.

The plaintiff pleads also the existence of an ordinance of the city of Toledo, known as Section 405, which requires the owner or lessor of tenement houses, flats and apartments having two or more apartments, to provide artificial light properly located to light stairways and corridors therein and requiring the light to be kept burning the full period of darkness. The amended petition also contains an averment that the violation of the ordinance proximately caused the plaintiff's injuries and that no handrail was provided for the stairway by the defendant at the time the premises were leased or at any time thereafter.

Nowhere in the amended petition is there an averment to the effect that the injury was caused without the fault or negligence of the plaintiff, but under the authority of **Street Railway vs. Nolthenius, 40 Ohio St., 376**, such an averment is not required unless the other averments of the pleading suggest an inference that the plaintiff may have been guilty of contributory ngeligence. While the pleading is not very specific, it does charge that the injuries were directly caused by reason of the failure and neglect of the defendant in the respect named. We think the language of the pleading does not raise an inference of negligence on the part of the plaintiff and hence there was no implication of contributory negligence for him to negative.

General Code **Section 1006** requires the owner of a tenement house or apartment to provide and maintain for stairs and stairways a substantial handrail extending from the top to the bottom thereof. The duty being cast upon the owner by ordinance to light the stairway and by statute to provide a handrail therefor, this court is of the opinion that the pleading states a good cause of action. While the circumstances relating to contributory negligence may properly be developed in the trial, as was done or attempted in the case of **Flury vs. Central Publishing House, 118 Ohio St., 154**, and **Painesville Utopia Theatre Co. vs. Lautermilch, 118 St.,**

167, yet they do not appear in the pleading under review.

The case of **Goodall vs. Deters**, decided by the Supreme Court December 11, 1929 and reported on page 432 of Ohio Bar for January 21, 1930, (8 Abs. 28; 619 NE 443; 121 Oh St 432), was a case in which there does not appear to have been any statute or ordinance casting a duty upon the owner of the premises.

Paragraph 7 of the amended petition was erroneously stricken therefrom by order of the trial court. While some parts of the paragraph may have been immaterial, yet it contains the averment that the apartment was used as a place of public resort to which the public in great numbers were accustomed to go for social enjoyment and that this was with the knowledge of the defendant. The section of the General Code already cited requires the owner to provide handrails for stairways in places of public resort, and the allegation was proper.

For the reasons given the judgment will be reversed and the cause remanded for further proceedings.

Williams and Lloyd, JJ., concur.