Hillsborough, }
March 1, 1932. }

FRANCES THOMPSON *v.* IDA RESNIK.

*Hurley & Connor* (*Mr. Connor* orally), for the plaintiff.

*James A. Broderick* (by brief and orally), for the defendant.

BRANCH, J.   In support of her motion for a nonsuit the defendant seeks to invoke the rule which prevails in Massachusetts that "The relation of landlord and tenant imposed on the defendant no duty to remove from the steps ice naturally accumulating thereon." *Bell* v. *Siegel,* 242 Mass. 380; *Woods* v. *Company,* 134 Mass. 357.   This rule has been severely criticized, and competent authorities have declared that it cannot be justified upon grounds of principle.   *Reardon* v. *Shimelman,* 102 Conn. 383, 387; *United Shoe Machinery Co.* v. *Paine,* 26 Fed. Rep. (2d) 594.   Its adoption here would involve a limitation of or an exception to the general rule in regard to the liability of landlords for the condition of common passageways upon their premises which has heretofore been announced by this court as follows.   With reference "to those portions of the premises which the landlord furnishes for the common use of his tenants and over which he retains control ... he has the duty to use ordinary care to keep such portions in safe condition, and is liable to the tenant for injuries resulting from his failure to do so."   *Burelle* v. *Pienkofski,* 84 N. H. 200, 201; *Gobrecht* v. *Beckwith,* 82 N. H. 415, 417; *Saad* v. *Papageorge,* 82 N. H. 294, 296.   It is not necessary for us to consider at this time, however, the soundness of the Massachusetts rule for even in that state the plaintiff would be allowed to go to the jury upon the testimony before us.

By its terms the Massachusetts rule has reference only to ice "naturally accumulating"; it does not apply to an "artificial formation of ice" resulting from water "discharged artificially in one place ... so as to make it dangerous when frozen."   For negligence in permitting such a situation to exist the landlord is liable.   *Watkins* v. *Goodall,* 138 Mass. 533, 537.   Furthermore, the rule in question does not operate to relieve a landlord from liability when it appears that he has assumed the duty of removing ice or snow under such circumstances that the tenant is entitled to rely upon its performance.   *Erickson* v. *Buckley,* 230 Mass. 467; *Nash* v. *Webber,* 204 Mass. 419, 425.   In such a case the "doctrine by which the landlord of a tenement house is held responsible for the exercise of due care to keep in a safe condition passageways of which he has retained possession and control would be applied ... in its full extent."   *Nash* v. *Webber, supra.*

In the case at bar there was evidence that the accumulation of ice resulted from the drip of water from a piazza roof which overhung the steps; that a so-called water bar installed by the defendant upon this roof for the purpose of diverting the water from the steps was inadequate for that purpose; and that the defendant had employed a janitor to keep the steps clean and apply sand or ashes when they were slippery. Under the law as it has been stated here, the case was plainly for the jury and the same result would be reached by an application of the narrower rule to which reference has been made.

While commenting in argument on the testimony of a physician who attended the plaintiff after the accident and who was called as a witness by her, plaintiff's counsel made the following statements: Mr. Hurley: "Dr. Michou told Mr. Thompson that he wouldn't come in here to court and testify in his favor unless that he had other lawyers," and it "shouldn't be held against my client, because Dr. Michou does not like my partner or does not like myself for some reason or other." To the allowance of this argument the defendant excepted. Two reasons were given for the defendant's objection to the above argument, (1) that the facts stated were unsupported by the evidence and (2) that the statements of counsel constituted an impeachment of the plaintiff's own witness. Neither of these claims merits extended notice. The statements of fact were sustained by the testimony, and the argument did not offend against the rule that a party cannot "directly impeach his own witness." *Swamscot Machine Co.* v. *Walker*, 22 N. H. 457, 464, 465; *Woburn &c. Bank* v. *Woods*, 77 N. H. 172, 178.

*Judgment on the verdict.*

All concurred.