Hillsborough, }
June 29, 1933. }

ARTHUR BERTHIAUME *v.* SAMUEL KESSLER, *& a.*

RITA BERTHIAUME *(by her father and next friend) v.* SAME.

*Albert Terrien*, for the plaintiff.

*Sewall & Waldron* and *Oscar Neukom*, for the defendants.

BRANCH, J. The defendants contend that a landlord owes to his tenants no duty of protection against dangers inherent in the "type of construction" of those portions of his premises which he furnishes for their common use but retains within his own control, and cite certain cases from Massachusetts and Maine in support of their position. Such is not the law in this jurisdiction. "In so far as the approaches to the premises are concerned, it is his [the landlord's] duty to do whatever the ordinary man would do to enable them [his tenants] to enter and leave the premises in safety." *Young*, J., in *Kambour* v. *Railroad*, 77 N. H. 33, 46; *Gobrecht* v. *Beckwith*, 82 N. H. 415, 418. Cases illustrative of this principle are *Saad* v. *Papageorge*, 82 N. H. 294; *Burelle* v. *Pienkofski*, 84 N. H. 200; *Thompson* v. *Resnik*, 85 N. H. 413; *Rowe* v. *Company*, *ante*, 127. In *Gobrecht* v. *Beckwith*, *supra*, the defendant was specifically held liable for a defective type of construction, and structural defects were in part made the basis of liability in *Thompson* v. *Resnik*, *supra* and *Rowe* v. *Company*, *supra*.

In regard to the plaintiff's claim that the iron railing was defective and insufficient, the case of *Saad* v. *Papageorge*, *supra*, is decisive. "The construction of the stairway was such that its use by very young children as a stairway might be found to be contemplated, and so some protection for use for that purpose would be required. The duty of care may therefore be found to be owing . . . ." *Ib.*, 296.

In regard to the plaintiff's claim of negligence in the construction of the piazza roof, this case is governed by the decision in *Thompson* v. *Resnik*, *supra*.

*Judgments on the verdicts.*

WOODBURY, J., did not sit: the others concurred.