### DOSTER v MURR et

Ohio Appeals, 1st Dist, Hamilton Co

No 5219. Decided April 12, 1937

Wm. Thorndyke, Cincinnati, Ralph Becker, Cincinnati, and Albert D. Alcorn, Cincinnati, for appellant.

Francis A. Hoover, Cincinnati, Robert A. Black, Cincinnati, and George C. Kuhn, Cincinnati, for appellees.

### OPINION

By MATTHEWS, J.

This case reaches this court by way of appeal on questions of law from the Court of Common Pleas of Hamilton County. That court sustained a general demurrer to the petition, and the plaintiff not caring to plead further, final judgment was rendered in favor of the defendant Charlotte H. Murr. The record presents, therefore, the sole question of whether the petition state a cause of action against Charlotte H. Murr.

The plaintiff alleges in the petition that Charlotte H. Murr was the owner of the building at the southeast corner of Auburn Avenue and Vine Street in the City of Cincinnati; that the first floor room was used for a drug store and the upper floor was divided into flats for residence purposes. She also alleged that Charlotte H. Murr, in violation of §1006, GC, failed to place any handrail along the stairway leading from the first to the second floor and which was the only means of reaching the second floor.

She also alleged that Charlotte H. Murr leased the entire building to the defendant William M. Miller, who operated a drug store in the room on the first floor, and sublet the flats on the second floor, and that she was a sublessee of one of said flats.

She also alleged that while using said stairway to reach her flat, and solely because of the absence of a handrail, she fell from the top to the bottom of the stairs, and was injured as described in the petition.

The petition contained the additional allegations that her injuries were caused

solely through the negligence of the defendants and without fault on her part and that she has been damaged in the sum of $5000.00

Do these allegations state a cause of action against Charlotte H. Murr?

By §1006, GC, it is enacted that:

"In tenement houses, apartments, manufactories. mills, shops, stores, churches, hotels, halls for public meetings, lecture rooms, restaurants, public library rooms, business offices of professional men and others doing business for or with the public, all public buildings and other rooms or places of public resort or use, whether for the transaction of business or social enjoyment, the owners, directors, trustees, lessees, managers, controllers or proprietors thereof shall provide and maintain for all stairs or stairways for ingress or egress, a substantial handrail extending from the top to the bottom thereof, and firmly fastened to the wall or other support or partition at the side of such stairs. Such handrail shall be constructed of wood not less than one and one-half inches wide and two and one-half inches thick or of iron not less than one and one-half inches in diameter."

It is familiar law that the violation of a statute is negligence as a matter of law and imposes a liability upon the person charged with the duty in favor of any one injured as a direct result of such violation.

So that there can be no question that this petition contains allegations of liability if the statute is applicable to the type of building described and imposes a duty upon the owner who has leased the entire building.

A reading of the statute is sufficient, we believe, to convince one that this building comes within the category of buildings mentioned in it. There are flats or apartments on the second floor. This makes it an apartment building.

One of the commonly accepted meanings of "Flat" makes it synonymous with "Apartment." It is also one of the dictionary definitions of the term. See:— Webster's New International Dictionary. A building divided into flats or apartments is an apartment building which conforms to the descriptive phrase of the statute. It is also embraced within the definition of "tenement houses."

But, it is said that Charlotte H. Murr

had leased the entire building to her co-defendant, and had thereby shifted the entire responsibility to him.

The statute imposes a duty upon the owner and makes no provision for a termination of the duty upon a leasing of the entire building. As the statute places no such limitation, we conclude there is none.

We are not concerned here with possible defenses that may be interposed. Our sole duty is to determine whether the petition states a cause of action. We conclude that it does, and that the trial court erred in sustaining the demurrer.

For these reasons, the judgment is reversed and the cause remanded for further proceedings according to law.

ROSS, PJ, and HAMILTON, J, concur.