## BROOKS et al. v. UTAH POWER & LIGHT CO. et al.

### No. 3140.

Circuit Court of Appeals, Tenth Circuit.

Oct. 22, 1945.

Edgar C. Jensen, of Salt Lake City, Utah (H. P. Thomas, of Salt Lake City, Utah, on the brief), for appellants.

Paul H. Ray, of Salt Lake City, Utah (Robert L. Judd, S. L. Quinney, and A. H. Nebeker, all of Salt Lake City, Utah, on the brief), for appellee Salt Lake City Lines.

Gerald Irvine, of Salt Lake City, Utah (Geo. R. Corey, of Salt Lake City, Utah, on the brief), for appellees Utah Power & Light Co. and Utah Light & Traction Co.

Before PHILLIPS, Circuit Judge, and RICE and SAVAGE, District Judges.

RICE, District Judge.

The appeal in this case is from a summary judgment in favor of the defendants. The motions for summary judgment, supported by affidavits, were directed against plaintiffs' Amended and Supplemental Complaint filed on October 18, 1944.

Plaintiffs in their Amended and Supplemental Complaint sought to accomplish two things: First, the cancellation of a contract of sale entered into on April 20, 1944, between two defendants, Utah Light and Traction Company, hereinafter referred to as Traction Company, and Salt Lake City Lines, hereinafter referred to as City Lines; second, an accounting from City Lines to Traction Company on account of the operation since July 13, 1944, of the property transferred under said contract.

From the pleadings and affidavits in support of motions for summary judgment, the following facts are established. Plaintiffs are residents of the State of Oregon, and each is a bona fide and actual stockholder and owner of preferred stock of defendant, Utah Power and Light Company, hereinafter referred to as Power Company, a corporation of the State of Maine, but qualified to transact business in the State of Utah. The defendant, Traction Company, is a Utah corporation with its principal place of business at Salt Lake City. Traction Company is a wholly owned subsidiary of Power Company. The directors of the two are, in many instances, the same, and the managing officers of the two are the same. Traction Company for many years owned and operated a street railway and bus transportation business in Salt Lake City. Power Company is a registered holding company under the provisions of the Public Utility Holding Company Act of 1935, 15 U.S.C.A. § 79 et seq., and subject to regulation and control thereunder by the Securities and Exchange Commission.

The stock of Power Company consists of 3,000,000 common shares, no par value, and 510,000 of authorized shares of preferred stock of which 249,526 have been issued

and are outstanding. The 3,000,000 common shares were issued to one corporation, Electric Power and Light Company, a registered holding company (hereinafter referred to as Electric Company) of which Power Company is a subsidiary. This distribution of stock gave 92.3% of the voting strength of Power Company to Electric Company. In a hearing before the Securities and Exchange Commission begun by Power Company and its subsidiaries, but in which certain issues regarding reorganization were raised by the Commission, a finding was made that Power Company received no actual consideration for the common stock issued to Electric Company, and that no equity existed in favor of the common stock; that the voting control must pass to the preferred stockholders. An order was entered requiring a change in capitalization of Power Company pursuant to Section 11(b) (2) of the Public Utility Holding Company Act of 1935 in conformity with the provisions of the Commission's order. The Commission also stated in its opinion rendered on November 29, 1943, that the transportation properties of Traction Company were not retainable by Traction Company or Power Company, and in its order retained jurisdiction to require the Electric Company, Traction Company and Power Company to take such action as might be determined necessary or appropriate. The Board of Directors of Power Company were elected by the voting strength of the 3,000,000 shares of common stock issued to Electric Company.

On April 20, 1944, Traction Company, acting by its president pursuant to authority from its Board of Directors, entered into a contract with City Lines for the sale of the street railway and bus transportation system at an agreed price of Six Hundred Seventy-five Thousand Dollars ($675,000), the purchaser assuming the obligation of repairing the streets in the event of the removal of the electric railway lines. Traction Company was, at the time, operating upon the streets of Salt Lake City by virtue of a franchise. It also was the owner of a Certificate of Public Convenience and Necessity granted by the Public Service Commission of the State of Utah. In order to effect a transfer of the property, two things, not entirely in the control of either party to the contract, were necessary, to-wit: The approval of the sale and transfer of the Certificate of Public Convenience and Necessity by the Public Service Commission of the State of Utah, and approval by the Board of Commissioners of Salt Lake City of the transfer of the seller's franchise. The contract recognized and specifically provided that the sale was contingent upon both approvals being obtained. On April 25th the Board of Commissioners of Salt Lake City gave its approval. A joint application was filed by Traction Company and City Lines with the Public Service Commission of the State of Utah, requesting approval by the Public Service Commission of the sale and granting to the purchaser the required Certificate of Public Convenience and Necessity. Public hearings, after notices, were held by the Public Service Commission. Certain holders of preferred stock in Power Company intervened in a hearing before the Public Service Commission and objected to the transfer. One of the grounds of the objection being that the sale price was inadequate. The Commission, after hearing evidence, announced its purpose to approve the transfer, but took the matter under advisement. Formal order approving the transfer was entered on July 12, 1944.

After the conclusion of the hearing before the Commission, but before the date of entry of formal order, plaintiffs filed suit in the United States District Court of Utah, seeking to enjoin the sale and transfer of the property. Temporary injunctive relief being denied the Court, actual transfer and delivery of the property was consummated on July 13, 1944. Subsequently, a motion to dismiss plaintiffs' original complaint was sustained. Thereafter, plaintiffs filed the Amended and Supplemental Complaint against which motions for summary judgment were directed.

Briefly, plaintiffs' Amended and Supplemental Complaint alleges in addition to the necessary jurisdictional facts, the relationship of parties, and the ownership of property, that the sale price for which the property was sold was grossly inadequate; that the property was reasonably worth in excess of One Million Dollars ($1,000,000); and that in making said sale no consideration was given or placed upon going or earning value, which was alleged to be in excess of Two Hundred Thousand Dollars ($200,000); that it was a sale of all the property of the Traction Company and made without notices to stockholders, without the consent, confirmation or vote of any other stockholders of Power Company (no contention is now made that the Board of

Directors of Traction Company did not have the power to authorize and make the sale); that Traction Company and Power Company made "no bona fide effort to obtain a fair and reasonable price for said property"; that at the time of sale a purchaser was available, willing and able to pay at least Eight Hundred Thousand Dollars ($800,000) for the property. One of the chief complaints made was that Traction Company and Power Company selected five prospective purchasers to whom notices of intent to sell were sent and afforded no opportunity to one certain purchaser, who had manifested an interest in the purchase of said property and had communicated with said Traction Company in regard to a proposed purchase of the property. Plaintiffs conclude with the general allegation that the sale and transfer of said property was, and is, a fraud upon the stockholders of the Power Company and "that the agents, servants and employees of each and all of the defendants did not act in good faith in the transfer and sale of said properties." There is a noticeable lack throughout of any direct and specific charge that City Lines had any knowledge of or in any way participated in any wrong doing. The motions for summary judgment were supported by affidavits setting forth in detail the facts leading up to and concerning the sale. The uncontroverted affidavit of the president of City Lines refutes any suggestion of fraud on its part. It is apparent that the only fact in controversy is the value of the property sold, and the adequacy of the consideration paid. In addition to the cash consideration, the purchaser assumed an obligation to repair the streets of Salt Lake City made necessary in the event of the removal of the electric railway tracks. Defendants contend that this represented a probable liability of Two Hundred Fifty Thousand Dollars ($250,000), while plaintiffs have counter affidavits asserting that it does not exceed Seventy-five Thousand Dollars ($75,000).

■ A motion for summary judgment, Federal Rules of Civil Procedure Rule 56, 28 U.S.C.A. following Section 723c is not a substitute for a trial where there is a bona fide dispute as to material facts, but is appropriate when the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and that no genuine issue remains for trial by court or jury. Associated Press et al. v. United States of America, 65 S.Ct. 1416; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Toebelman et al. v. Missouri-Kansas Pipeline Company et al., 3 Cir., 130 F.2d 1016; American Insurance Company v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Whitaker v. Coleman, 5 Cir., 115 F.2d 305.

■ Keeping in mind the fact that the primary relief is a cancellation of the contract of April 20, 1944, and that the basis upon which such claim is predicated is fraud, we search in vain for any genuine material fact warranting the cancellation of the contract in question as to the defendant, City Lines, or requiring an account from them. Conceding, without deciding, that a dispute as to adequacy of consideration as is disclosed here, and the allegation of lack of bona fides on the part of the Traction Company or Power Company might be material in some appropriate action against those companies, there is no dispute as to material facts so far as plaintiffs' right to cancellation of the contract is concerned.

No contention is now made that the Board of Directors lacked the power under the law and articles of incorporation to authorize the contract in question or to make the sale or that the procedure followed in making the contract and effecting the sale was illegal. Nor is it contended that inadequacy of consideration alone is sufficient to invalidate the sale. The sole contention is that the allegations of the petition taken together and as a whole spell out an issue of fraud that is not, and may not be overcome by affidavits in support of summary judgment. With this contention we disagree. Under this view of the case it is not necessary to notice other questions presented by appellees, notably, the effect of the approval of this sale by the Public Service Commission of the State of Utah and the granting of a Certificate of Convenience and Necessity to City Lines.

The judgment of the trial court is affirmed.