**207 P.2d 1013**

**McLAIN v. HALEY et al.**

**No. 5170.**

Supreme Court of New Mexico.

June 9, 1949.

Rehearing Denied Aug. 6, 1949.

Frank O. Westerfield, Albuquerque, for appellant.

Rodey, Dickason & Sloan, Frank M. Mims, and Jackson G. Akin, Albuquerque, for appellees.

·COMPTON, Justice.

This is a suit by the tenant against the landlord to recover damages for injuries sustained by reason of defective premises.

Appellant, on April 7, 1947, was a tenant in appellees' apartment house in the city of Albuquerque. She occupied an apartment on the second floor. Another apartment on this floor was occupied by other tenants. Access thereto was by means of an outside stairway from the ground to the second floor.

Appellant alleges that as she was ascending the stairway, and without negligence on her part, she fell from the unguarded steps to the pavement below and thereby sustained the injuries asserted in her complaint. She also alleges that appellees violated certain city ordinances which provide, among other things, that "all stairs shall have walls or well secured balustrades or guards on each side," etc. Issue was joined by general denial. As an affirmative defense appellees pleaded assumption of risk, contributory negligence, and the further defense that the defects, if any, were patent; that the premises were free from any latent defects, and were in the same condition as at the time of the letting. Upon motion the trial court granted summary judgment and dismissed the case. It is this judgment that appellant appeals.

The question for our determination is whether, in the circumstances, summary judgment is proper.

In the consideration of a motion for summary judgment it is the function of the trial court to determine whether there is a genuine issue of material fact for trial. All doubt as to the existence of such an issue must be resolved against the moving party; and, unless the court is convinced from a consideration of the pleadings, depositions, admissions on file, and affidavits, that such party is entitled to judgment as a matter of law it should be denied. Rules of Civil Procedure, 19-101(56), New Mexico Stat.1941 Comp.; Agnew v. Libby, 53 N.M. 56, 201 P.2d 775; Brooks v. Utah

Power & Light Co., 10 Cir., 151 F.2d 514; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Peckham v. Ronrico Corporation, D.C., 7 F.R.D. 324; Central Trust Co. v. Wabash St. L. & P. Ry. Co., C.C.Mo., 30 F. 332; Engl v. Aetna Life Ins. Co., 2 Cir., 139 F.2d 469. See Fifth Dicennial Digest Judgments, ☞ 181 (2), where the cases are assembled.

In Brooks v. Utah Power & Light Co., supra [151 F.2d 516], the court said:

"(1) A motion for summary judgment, Federal Rules of Civil Procedure Rule 56, 28 U.S.C.A. following Section 723c is not a substitute for a trial where there is a bona fide dispute as to material facts, but is appropriate when the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is and that no genuine issue remains for trial by court or jury. Associated Press et al. v. United States of America, [326 U.S. 1], 65 S.Ct. 1416, [89 L.Ed. 2013]; Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967; Toebelman et al., v. Missouri-Kansas Pipe Line Company et al., 3 Cir., 130 F.2d 1016; American Insurance Company v. Gentile Bros. Co., 5 Cir., 109 F.2d 732; Whitaker v. Coleman, 5 Cir., 115 F.2d 305."

In Peckham v. Ronrico Corporation, supra [7 F.R.D. 328], the court said:

"(5–7) I am aware (1) that 'Rule 56 should be cautiously invoked to the end that parties may always be afforded a trial where there is a bona fide dispute of facts between them. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967'. Associated Press v. United States, 326 U.S. 1, 6, 65 S.Ct. 1416, 1418, 89 L.Ed. 2013; (2) that a 'litigant has a right to a trial where there is the slightest doubt as to the facts * * *'. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135; Avrick v. Rockmont Envelope Co., supra [10 Cir., 155 F. 2d 568]; * * *."

At the time of granting the motion the trial court made the following findings of fact:

"4. That the stairway from which the plaintiff fell was under the control, possession and supervision of the defendants, and each of them, and was for the use of guests and occupants of another apartment on the second floor and used in common with other tenants."

"8. That the stairway in question was constructed in violation of the Ordinances and is narrow and steep as alleged in the complaint, and that the violation of the Ordinances under the laws of the State of New Mexico is negligence per se.

"9. That said Ordinances No. 109 and 348 applied to the construction, use, occupancy, and maintenance of said apartment house and stairs.

"10. That for the purpose of the motion only, the plaintiff is considered to have fallen underneath the railing upon the stairway shown in Exhibit 1, and that had the stairway been constructed in conformity with the Ordinances, the accident and resulting injuries would not have ocurred.

"11. That the failure of the defendants, and each of them, for the purpose of the motion only, to comply with said Ordinances was the proximate cause of the plaintiff's accident and the resulting injuries."

The court then concluded as follows:

"It is, therefore, ordered that the aforesaid facts and matters of law be deemed established, except that there is a genuine issue of fact as to whether the plaintiff fell under or over the banister, as to whether the failure of the defendants, and each of them, to comply with said Ordinances was the proximate cause of the plaintiff's accident and the resulting injuries, and the amount of damages, and the motion for summary judgment filed herein be and the same is hereby denied and overruled except as hereinafter provided, to all of which the defendants, and each of them, object and except."

The court then found, and as the basis of its order granting summary judgment, that there was no genuine issue of fact as to the following matter, and that such facts preclude a recovery, to-wit:

"That at the time the plaintiff became a tenant of the defendant the alleged defects in said stairway from which the plaintiff fell were patent and structural defects and said stairway was free from latent defects and was in the same condition as it was in at the time of the plaintiff's fall therefrom."

▮ The rule is well established that, as to structural defects, the tenant ordinarily takes the demised premises as he finds them, and a landlord is not liable for injuries caused thereby. Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540; Lindsey v. Kentucky Development Co., 291 Ky. 253, 163 S.W.2d 499; Chapman v. Title Insurance & Trust Co., 68 Cal.App.2d 745, 158 P.2d 42; Gibson v. Hoppman, 108 Conn. 401, 143 A. 635, 75 A.L.R. 148.

But plaintiff asserts that there is an exception to this rule, which governs this case; that is, it does not apply if the landlord owes a duty to keep the premises reasonably safe; that the defendants owed such duty to plaintiff, (a) because they retained control of the stairway for the use of other tenants; and (b) because an ordinance of the City of Albuquerque provided for the safe construction and maintenance of stairways in such buildings, and that the stairway in question was defectively constructed and so maintained, in violation of

a city ordinance, and because of such negligence, which was the proximate cause of plaintiff's injury, she is entitled to recover damages therefor.

Ordinances Nos. 109 and 348 of the City of Albuquerque, which the court determined had been violated in the construction of the stairway, were not introduced in evidence, and we look to the pleadings for a meager statement of what they contain. The answer admits the following allegations in the complaint:

"That at the time of the construction of said apartment house and on and prior to the 15th day of February, 1930, there was a city ordinance in full force and effect known as Commission Ordinance No. 109 and designated as the 'Building Code' of the City of Albuquerque, which said city ordinance and building code provided in sub-section 4, section 41, among other things, the following: 'All stairs shall have walls or well secured balustrades or guards on both sides and except in dwellings, shall have handrails on both sides.'

"That at the time of the injuries herein alleged and on and after the 15th day of February, 1930, there was, ever since has been, and still is a city ordinance in full force and effect in the city of Albuquerque, State of New Mexico, known as Commission Ordinance No. 348 and designated as 'Building Code' of the City of Albuquerque; that said Building Code provides in

Section 3305, Chapter 33, among other things, the following: 'All stairways shall have walls or well secured balustrades or guards on each side and shall have handrails on at least one (1) side of every stairway and for stairways exceeding forty-four (44) inches in width shall have handrails on each side.' "

The defendants cite the following cases which support the contention: Lindsey v. Kentucky Development Co., 291 Ky. 253, 163 S.W.2d 499; Chapman v. Title Insurance & Trust Co., 68 Cal.App.2d 745, 158 P.2d 42, and Miller v. Hooper, 119 Me. 527, 112 A. 256. No safety statute was involved in any of these cases.

But there is respectable authority opposed to it. In Berthiaume v. Kessler, 86 N.H. 305, 167 A. 273, the court said:

"The defendants contend that a landlord owes to his tenants no duty of protection against dangers inherent in the 'type of construction' of those portions of his premises which he furnishes for their common use, but retains within his own control, and cite certain cases from Massachusetts and Maine in support of their position. Such is not the law in this jurisdiction. 'In so far as the approaches to the premises are concerned, it is his (the landlord's) duty to do whatever the ordinary man would do to enable them (his tenants) to enter and leave the premises in safety.' (Citing authorities). In Gobrecht v. Beck-

with, supra [82 N.H. 415, 135 A. 20, 52 A.L.R. 858], the defendant was specifically held liable for a defective type of construction, and structural defects were in part made the basis of liability in Thompson v. Resnik, supra [85 N.H. 413, 159 A. 355], and Rowe v. Ayer & Williams, Inc. supra [86 N.H. 127, 164 A. 761]." All cited in the Berthiaume case.

And see: Roman v. King, 289 Mo. 641, 233 S.W. 161, 25 A.L.R. 1263; Given v. Tobias, 137 Kan. 58, 19 P.2d 472; Schneider v. Dubinsky Realty Co., 344 Mo. 654, 127 S.W.2d 691; Restatement of Law of Torts, Sec. 360.

 It is a general rule that the failure to comply with statutes or ordinances of the kind here considered is negligence per se; although the courts of Massachusetts and Maine hold otherwise. We do, and will, follow the general rule. Silva v. Waldie, 42 N.M. 514, 82 P.2d 282, and see McGoldrick v. Kuebler, 36 Ohio App. 380, 172 N.E. 679; Creek v. Nonpareil Inv. Co., 66 Colo. 550, 185 P. 473; St. Louis Police Relief Ass'n v. Aetna Life Ins. Co., 236 Mo.App. 413, 154 S.W.2d 782; Winterson v. Pantel Realty Co., 135 Neb. 472, 282 N.W. 393, and Doster v. Murr, 57 Ohio App. 157, 12 N.E.2d 781, and see cases collected in annotation in 132 A.L.R. 863 et seq.

There is no question but at the time the house was built the stairway did not con-form to ordinance No. 109 which became effective in 1922 and which was replaced by ordinance No. 348 which became effective in 1930. Nor was it ever made to conform to either ordinance at any time after construction.

The defendants assert that although the stairway construction violated Ordinance No. 109, that this ordinance was repealed in 1930; and having been repealed, liability thereunder ceased with its repeal. That ordinance No. 348 could not bind them because the house was constructed in 1924 before the ordinance was enacted, and the latter ordinance had no application to houses contructed prior to its enactment.

But the trial court's findings state no exceptions. Both ordinances apply to houses then constructed or to be constructed, as appears from the following findings:

"That the provisions of said ordinance required the construction of handrails, walls or well secured balustrades or guards on stairways for safety purposes; that said stairway was not so constructed or maintained to comply with said ordinances.

"That on and prior to the 7th day of April, 1947, it became and was the duty of the defendants and each of them to install handrails, walls or well secured balustrades or guards on each side of said stairway as provided in said ordinances; that it became and was the duty of the defendants and each of them to use reasonable care

and diligence in installing said stairway and handrails and guards on the west side of said stairway and to properly place and construct handrails and guards, all of which were to prevent a person from falling from said stairway to the ground, and to construct said walls or balustrades or guards or handrails in order that persons who might lawfully enter said stairway would not be exposed to danger.

"That the defendants and each of them, in violation of said ordinances and in violation of their duty to those who might lawfully enter and use said stairway to the second floor of said building, carelessly and negligently failed to provide walls or well secured balustrades or guards or handrails on the west side of said stairway and carelessly and negligently suffered and permitted said stairway to remain and be used in a dangerous and unsafe condition."

■ These findings are attacked in appellee's brief, but no error was assigned, as required by Sec. 2 of Supreme Court Rule 17, 1941 Comp. § 19-201(17), subd. 2; nor was any point made to support the argument. Error, if any, was waived, Robinson v. Mittry Bros., 43 N.M. 357, 94 P.2d 99, and the court's findings are the facts upon which the case rests here. Sundt v. Tobin Quarries, 50. N.M. 254, 175 P.2d 684, 169 A.L.R. 586.

■ It thus appears from the findings of the court that Ordinance No. 348 required the defendants to comply with its terms although the house was built before it was enacted. The record does not contradict these findings. But there is another reason why defendants' contention must be resolved against them. The reenactment of a statute in substantially the same language in which it was originally phrased constitutes the latter statute merely a continuation of the former. State v. Thompson, 37 N.M. 229, 20 P.2d 1030. The same rule is announced at 59 C.J. Statutes, Reenactment, Sec. 528.

■ We conclude that the trial court erred, after finding the facts as stated herein, in his conclusion that the plaintiff could not recover, notwithstanding defendants' negligence and the absence of contributory negligence on the part of the plaintiff, because, as stated,

"That at the time the plaintiff became a tenant of the defendants, the alleged defects in said stairway from which the plaintiff fell were patent and structural defects and said stairway was free from latent defects and was in the same condition as it was in at the time of the plaintiff's fall therefrom;"

The fact that the defect in the stairway was structural, and was in the same condition at the time of the accident as it was at the time plaintiff leased the apartment,

does not relieve the defendants from liability for their negligence in violating the building ordinance, if such violation was the proximate cause of plaintiff's injury, and she was not guilty of negligence that contributed to it as procuring cause.

The trial court erred in entering summary judgment dismissing plaintiff's complaint.

The judgment is reversed and cause remanded with instructions to the district court to set aside its judgment and proceed not inconsistent herewith.

It is so ordered.

BRICE, C. J., and LUJAN, SADLER, and McGHEE, JJ., concur.